United States District Court
Southern District of Texas
FILED

JUN 15 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JORGE G. ALANIZ | : | |
| VS. | : | CIVIL ACTION B-00-136 |
| CITY OF PORT ISABEL, TEXAS | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The City of Port Isabel, Texas, Defendant in this cause and proponent of a motion for summary judgment, submits this memorandum of points and authorities to support its motion for summary judgment, currently before this Court.

### I.

Defendant is entitled to judgment as a matter of law as to all claims made by Plaintiff, based on the uncontroverted summary judgment evidence and the authorities cited herein.

### II.

The purpose of summary judgment is to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. F.R.C.P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554 (1986). When the only questions to be decided in a case are issues of law, then summary judgment is appropriate. *See, e.g., Carriere v. Sears, Roebuck & Co.*, 893 F.2d 298, 102-

03 (5th Cir. 1990) (defendant owed no duty to plaintiff).

The Court is requested to consider the points and authorities that follow.

### III.

### PLAINTIFF WAS AN EMPLOYEE-AT-WILL OF THE CITY OF PORT ISABEL.

The Texas Supreme Court has recognized the employment-at-will doctrine at least since 1888. See East Line & R.R.R. Co. v. Scott, 10 S.W. 99, 102, 72 Tex. 70 (1888). Plaintiff was an employee-at-will of the City of Port Isabel. In employment-at-will situations, either party may put an end to the employment relationship at will, and do so without cause. East Line & R.R.R. Co. v. Scott, 10 S.W. at 102.

### IV.

### PLAINTIFF'S RETALIATORY DISCHARGE CLAIM FAILS AS A MATTER OF LAW, BECAUSE PLAINTIFF CANNOT ESTABLISH A "BUT FOR" CAUSAL CONNECTION BETWEEN THE ALLEGEDLY DISCRIMINATORY CONDUCT AND HIS INVOLVEMENT IN PROTECTED ACTIVITY.

Plaintiff Jorge Alaniz brought a claim against the City of Port Isabel claiming that he was subjected to discriminatory conduct and discharged in violation of 29 U.S.C. §215, which prohibits the discharge of or discrimination against any employee for filing a complaint under the FLSA. In order to succeed on such a retaliatory discharge claim, the Plaintiff must prove the same elements that would be required under a Title VII claim. Hashop, et al. v. Rockwell Space Operations Co., 867 F.Supp. 1287, 1299 (S.D. Tex. 1994). A Title VII claim requires intentional discrimination. Hashop, supra, 867 F. Supp at 1299 (S.D. Tex. 1994). A Plaintiff must show three things to establish a prima facie case of retaliatory discrimination: (1) he engaged in an activity protected by Title VII; (2) an adverse employment action followed; and (3) there was some causal

connection between the activity and the adverse action. *Collins v. Baptist Memorial Geriatric Center*, 937 F. 2d. 190, 193 (S. Cir. 1991). The Plaintiff need not show that the protected activity was the sole factor motivating the adverse action, but he must show that 'but for" the protected activity, he would not have been subjected to the action he claims is discriminatory. Id; *Jones v. Flagship Int'l*, 793 F. 2d. 714, 724 (5th Cir. 1986).

In this case the Plaintiff alleges that he was demoted by Acting Chief Pete Collazo in retaliation for his FLSA complaints. On the other hand, <u>Plaintiff admits in his deposition that he has no evidence to support that belief</u>. Plaintiff alleges that he was terminated by Chief Joel Ochoa in retaliation for his FLSA complaints, but again <u>Plaintiff admits that he has no evidence to dispute that Chief Ochoa's reasons for terminating him were other than as stated in the letter of termination</u>. The letter of termination refers to numerous violations of city policies, police department policies, Texas penal statutes, and a general failure to make an effort to meet the expectations of the last evaluation of July 9, 1998, as the basis for his termination of employment on September 16, 1998. These bases for the action of termination do not establish a "but for" causal connection required for a prima facie case. Plaintiff's claim for retaliation fails as a matter of law, based on Plaintiff's own testimony and admissions.

## V.
### SINCE PLAINTIFF CANNOT PREVAIL ON THE DAMAGE CLAIM ASSERTED IN THIS LAWSUIT, HE HAS NO BASIS FOR ANY AWARD OF ATTORNEY'S FEES.

Plaintiff requests attorney's fees. In the absence of any claim on which plaintiff prevails, this issue is moot since there is no statutory or common law basis to award the same.

## VI.

## CONCLUSION

Defendants request that this Court consider these authorities and the uncontroverted summary judgment evidence. Defendants further request summary judgment of this Court that Plaintiff take nothing by this suit, that Defendants recover their costs, and that Defendants have such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price, Suite 9
Brownsville, Texas 78520
(210) 542-5666
(210) 542-0016 (Telefax)

By: _____
RICARDO MORADO
Texas State Bar No. 14417250

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Memorandum of Points and Authorities In Support of Defendants' Motion for Summary Judgment was forwarded to opposing counsel as follows:

Mr. Ivan Andarza
ANDARZA & DE COSS, P.C.
815 Ridgewod
Brownsville, Texas 78520

Certified Mail Return Receipt Requested # 7106 4575 1294 1175 7378

on this the 15r day of June, 2001.

_____
RICARDO MORADO