

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 03 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JORGE G. ALANIZ | : |
| VS. | : CIVIL ACTION B-00-136 |
| CITY OF PORT ISABEL, TEXAS | : |

## JURY CHARGE

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all of the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between the direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in the technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk to anyone about the case unless the Court orders otherwise. You may retire to the jury room to conduct your deliberations.

The Plaintiff alleges that the Defendant retaliated, that is took revenge against the Plaintiff because the plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Fair Labor Standards Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First: That he engaged in statutorily protected activity, that is that he in good faith asserted claims or complaints of discrimination prohibited by federal law;

Second: That an adverse employment action then occurred;

Third: That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth: That the Plaintiff suffered damages as a proximate of legal result of such adverse employment action.

For an adverse employment action to be "casually related" to statutorily prohibited activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to the case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

## QUESTION NO.1

Do you find by a preponderance of the evidence that the City of Port Isabel fired Jorge G. Alaniz in retaliation for taking steps to enforce his lawful rights under the Fair Labor Standards Act.

Answer "Yes" or "No"

ANSWER: _____.

If you find in favor of plaintiff under the previous question, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any actual damages you find plaintiff sustained as a direct result of defendant's conduct as submitted in Question No. 1. Actual damages include any wages or fringe benefits you find plaintiff would have earned in his employment with defendant if he had not been discharged on September 16, 1998, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

ClibPDF - www.fastio.com

## QUESTION NO. 2

What sum of money, if any, do you find by the preponderance of the evidence will fairly and justly compensate the Plaintiff for actual damages you find Plaintiff sustained as a direct result of Defendant's conduct as submitted in Question No. 1.

Answer in dollar and cents, if any.

ANSWER: _____.

_____
Foreperson

_____
Dated